1

2

3

4

5

6

7

8                       UNITED STATES DISTRICT COURT

9                      CENTRAL DISTRICT OF CALIFORNIA

10   ERNEST FREEMAN,                    )   No. CV 06-6905-PJW
                                        )
11                 Plaintiff,           )
                                        )
12        v.                            )   MEMORANDUM OPINION AND ORDER
                                        )
13   MICHAEL J. ASTRUE,                 )
     COMMISSIONER OF THE SOCIAL         )
14   SECURITY ADMINISTRATION,           )
                                        )
15                 Defendant.           )
     _____)

16

17        Before the Court is Plaintiff's appeal of a decision by Defendant

18   Social Security Administration (hereinafter the "Agency"), denying his

19   application for Supplemental Security Income.  Plaintiff claims that

20   the Administrative Law Judge ("ALJ") erred when she rejected the

21   medical expert's opinion that Plaintiff would still be disabled if he

22   stopped abusing alcohol and drugs.  For the reasons set forth below,

23   the Agency's decision is affirmed.

24        Plaintiff was born on January 2, 1956, and was 49 years old at

25   the time of the administrative hearing.  (Administrative Record ("AR")

26   94, 402.)  He is a high school graduate.  (AR 402.)  He began abusing

27   alcohol and drugs in his teens and continued to abuse them right up to

28   the time of the administrative hearing.  (AR 354, 411.)  Plaintiff's

drug and alcohol abuse led to more than 30 arrests, and he was jailed more than 20 times.  (AR 354, 423.)  During this period, there was a 10-year interval, from 1988 to 1998, in which Plaintiff did not abuse drugs and alcohol and was able to run his own gardening business, support himself and his children, and stay out of jail.  (AR 355.)

In 2001, Plaintiff applied for Supplemental Security Income.  (AR 94-96.)  He claimed that he was disabled due to a mental disorder, which prevented him from relating to people.  (AR 113.)  His application was denied by the Agency and he sought and obtained a hearing before an ALJ.  On December 13, 2005, the ALJ held a hearing in which Plaintiff and a medical expert testified.  (AR 398-434.)  The medical expert opined that Plaintiff suffered from two Listed impairments--12.08, Personality Disorder, and 12.09, Substance Abuse Disorder.  (AR 419, 433.)  In his view, Plaintiff would continue to be disabled even if he stopped abusing drugs and alcohol.  (AR 420-21.)

In April 2006, the ALJ issued a decision, denying Plaintiff's claim for benefits.  (AR 15-23.)  She relied on the medical expert's opinion that Plaintiff met Listings 12.08 and 12.09, but concluded that, absent drug and alcohol abuse, Plaintiff would not be disabled. (AR 21-23.)

Plaintiff claims that the ALJ erred in this finding.  (Joint Stip. at 4-12.)  In Plaintiff's view, the ALJ failed to provide sufficient justification for rejecting the medical expert's opinion. (Joint Stip. at 11.)  He argues that the ALJ was bound to accept the medical expert's opinion that Plaintiff would still be disabled if he stopped using drugs and alcohol.  (Joint Stip. at 16-17.)

The ALJ is tasked with resolving conflicts in the medical testimony.  *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995).

In doing so, she must determine which opinions to accept and which opinions to reject.  She can accept all of a doctor's opinion, or some of it, or none of it.  *See*, *e.g.*, *Palas v. Astrue*, 2007 WL 4390180, at *1 (9th Cir. 2007); *Russell v. Bowen*, 856 F.2d 81, 83 (9th Cir. 1988) ("It is not necessary to agree with everything an expert witness says in order to hold that his testimony contains 'substantial evidence.'").

Having carefully reviewed the record, the Court concludes that the ALJ's finding that Plaintiff could work if he stopped abusing drugs and alcohol is supported by substantial evidence.  The best evidence is Plaintiff's own experience between 1988 and 1998, in which he lived a sober life and was able to operate a business, support his children, and have a meaningful relationship with two women.  (AR 355.)  There is little in this record to suggest that Plaintiff could not work again if he became sober again.

Though the non-examining medical expert took a different view, his opinion was not very persuasive.  In fact, a fair reading of his testimony is that he really did not know whether Plaintiff could work absent drug and alcohol abuse and was merely guessing that he could not.  (AR 419-33.)  When asked by the ALJ whether Plaintiff would be able to work if he stopped abusing drugs and alcohol, he explained, "the only way to tell that is to ... take a one-year period of abstinence to really tell how he would function without substances, Your Honor." (AR 421.)  The expert repeated later, "there's no way that I can make a judgment of how he would act without the drugs unless he were abstinent--for this length of time using drugs, it would take a one-year period of abstinence to see what his brain functioning is." (AR 433.)  Thus, the medical expert's opinion that

3

1  Plaintiff would not be able to work even if he stopped using drugs was
2  equivocal, at best.

3      Further, as noted by the ALJ, the non-examining medical expert's
4  opinion was contradicted by the other doctors.  (AR 20-23.)  Examining
5  psychiatrist Dr. Ernest Bagner concluded that Plaintiff had only
6  slight restrictions in his mental abilities and no limitations
7  completing simple tasks.  (AR 21, 234-39.)  Examining psychologist
8  Ahmad R. Riahinejad opined that Plaintiff's condition was substance
9  induced and would improve if he stopped using drugs.  (AR 393, 397.)
10 Examining prison doctor Susan O'Connor noted that Plaintiff agreed
11 that he did fine when he was abstinent.  (AR 21, 355.)

12     Plaintiff argues that the non-examining medical expert's opinion
13 should be given priority.  (Joint Stip. at 17.)  He cites no authority
14 for this proposition.  In fact, the law holds just the opposite.  The
15 opinions of examining physicians are entitled to greater weight than
16 the opinions of non-examining medical experts.  *Andrews*, 53 F.3d at
17 1041.  This Court is not empowered to, nor inclined to, create a
18 different rule.

19     Plaintiff argues that the ALJ erred when she ended the
20 administrative hearing without giving Plaintiff a chance to adduce
21 additional evidence.  (Joint Stip. at 16.)  Plaintiff fails to proffer
22 to the Court what this additional evidence was, and the Court on its
23 own has not been able to determine what evidence Plaintiff would have
24 introduced.  For this reason, this argument is rejected.

25     Reading this record as a whole, the Court concludes that the ALJ
26 provided sufficient reasons for rejecting the medical expert's opinion
27 that Plaintiff could not work if he stopped abusing drugs and alcohol
28 and that these reasons were supported by substantial evidence.  For

4

that reason, the ALJ's decision is affirmed. *See Parra v. Astrue*, 481 F.3d 742, 746 (9th Cir. 2007)(holding court cannot set aside ALJ's decision denying benefits unless findings are based on legal error or are not supported by substantial evidence in the record as a whole).

    IT IS SO ORDERED.


    DATED:    January __10__, 2008.



                                    _____
                                    PATRICK J. WALSH
                                    UNITED STATES MAGISTRATE JUDGE

S:\PJW\Cases-Soc Sec\FREEMAN, E 6905\Memo_Opinion.wpd